NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIDIA ISABEL GAMEZ-LOPEZ; JENNY MIROSLAVA ESTEVES SILVA, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-71119 Agency Nos. A088-447-438 A088-447-439 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2020**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,*** District
Judge.

Lidia Isabel Gamez-Lopez and Jenny Miroslava Esteves Silva (collectively,

"Petitioners"), who are natives and citizens of Mexico, petition for review of a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

decision by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") removal order. The IJ's finding of removability was based on an interim decision denying Petitioners' motion to suppress evidence of alienage obtained by federal law enforcement agents during the execution of a criminal search warrant at Petitioners' apartment. We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.    "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We agree with the BIA that suppression was not required under the Fourth Amendment. Under the circumstances, the agents used reasonable force when they broke through Petitioners' apartment door with guns drawn after knocking and announcing themselves as law enforcement agents. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Furthermore, the BIA correctly concluded that reasonable suspicion was not required to justify detaining Petitioners while the search warrant was being executed. *See Muehler v. Mena*, 544 U.S. 93, 98–102 (2005); *Michigan v. Summers*, 452 U.S. 692, 705 (1981). This is so even though the search warrant did not seek evidence of crimes involving violence. *See Dawson v. City of Seattle*, 435

F.3d 1054, 1065–70 (9th Cir. 2006).

Substantial evidence supports the agency's determination that the detention and questioning of Petitioners did not prolong the search of their residence. Petitioner Gamez-Lopez confirmed that, after she produced two of the three documents named in the search warrant, the agents continued to look for the third document – a letter from the Social Security Administration. In total, the detention lasted only 40 to 60 minutes.

2.      We also agree with the BIA that the agents' actions were not so coercive as to violate the Fifth Amendment. Petitioners were detained and questioned for less than an hour. During this time, Petitioners were seated in their apartment within eyesight of each other. There is no indication Petitioners were handcuffed or otherwise restrained, and they were not yelled at or berated. There were no weapons pointed at them while they were questioned. Petitioners do not allege that the agents used or threatened to use physical force, denied Petitioners food or drink, or made threats or improper promises. Under these circumstances, Petitioners have not established that their Fifth Amendment rights were violated. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013).

3.      For the same reasons, suppression was not warranted for regulatory violations. The first regulation provides that an agent may question an individual regarding her immigration status only if the agent "has a reasonable suspicion, based

on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States." 8 C.F.R. § 287.8(b)(2). The agents had reasonable suspicion to detain and question Petitioners because they hid in their bathroom when law enforcement agents came to execute a criminal search warrant. The second regulation prohibits "[t]he use of threats, coercion, or physical abuse . . . to induce a suspect to waive his or her rights or to make a statement." *Id.* § 287.8(c)(2)(vii). The agents did not use threats, abuse, or coercion to induce Petitioners to waive their rights or make a statement.

**PETITION DENIED.**